## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES HANES,
        Appellant,

DOCKET NUMBER
CH-0752-15-0111-I-1

        v.

DEPARTMENT OF THE AIR FORCE,
        Agency.

DATE: February 17, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Raymond Schultz</u>, Esquire, Belleville, Illinois, for the appellant.

<u>Loren H. Duffy</u>, Esquire, Scott Air Force Base, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which sustained his removal.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant held the position of Information Technology Specialist for the agency's 375th Airlift Wing at Scott Air Force Base. Initial Appeal File (IAF), Tab 1 at 1, Tab 8 at 8. In March 2014, the agency reprimanded him for sexual discrimination and harassment of a coworker.[2] IAF, Tab 8 at 29-31. Underlying the reprimand was an allegation that the appellant granted computer systems access to a homosexual coworker by giving him a post-it note with the password "SmithisGay1." IAF, Tab 9 at 23. Approximately 5 months later, in August 2014, another coworker, K.S., filed a sexual harassment complaint against the appellant. IAF, Tab 8 at 25. The complaint alleged that the appellant approached K.S. and said, "Do you know what would make your day even better . . . a blowjob, now get on your knees." *Id*. It further alleged that the appellant put his hand on the shoulder of K.S. and "push[ed] down as if to signal [K.S.] to get on [his] knees." *Id*. Based upon that incident, the agency charged the appellant with conduct unbecoming and proposed his removal. *Id*. at 21-22. After the appellant responded, the deciding official sustained the proposed removal. *Id*. at 10-20.

---

[2] The agency initially processed the action as a 3-day suspension, but an alternative dispute resolution panel reduced the penalty to a letter of reprimand. IAF, Tab 8 at 26, 29, Tab 9 at 23.

¶3      The appellant timely filed the instant appeal.  IAF, Tab 1.  He admitted the conduct underlying the charge, but disputed the penalty and presented a harmful error affirmative defense.  *E.g.*, IAF, Tab 10 at 4-5.  After holding the requested hearing, the administrative judge affirmed his removal.   IAF, Tab 14, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶4      On review, the appellant alleges that his comments and actions were a poor attempt at humor in the workplace, but the deciding official interpreted them literally.  PFR File, Tab 1 at 2-4.  According to the appellant, he was unaware of that literal interpretation until the deciding official testified below, and this amounts to a *Ward*/*Stone* due process violation.  *Id.* (citing *Ward v. U.S. Postal Service*, 634 F.3d 1274 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368 (Fed. Cir. 1999)).[3]  We disagree.

¶5      When an agency intends to rely on aggravating factors as the basis for the imposition of a penalty, such factors should be included in the advance notice of adverse action so that the employee will have a fair opportunity to respond to those factors before the agency's deciding official.  *Lopes v. Department of the Navy*, 116 M.S.P.R. 470, ¶ 5 (2011).  Our reviewing court has explained that, if an employee has not been given "notice of any aggravating factors supporting an enhanced penalty," an ex parte communication with the deciding official

---

[3] The appellant's petition also poses the following questions: "Is the penalty of removal harsh, unreasonable, and/or punitive?" and "Should the penalty of removal be mitigated to a lesser discipline due to the appellant's long tenure of over twenty years, and prior record of reprimand?"  PFR File, Tab 1 at 2.  However, the appellant failed to present any corresponding arguments, and we discern no basis for disturbing the administrative judge's well-reasoned penalty analysis.  *See* ID at 10-17; *see generally Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 16 (2005) (recognizing that removal may be an appropriate penalty, even for relatively minor misconduct, for an employee with a record of prior discipline); *cf. Sublette v. Department of the Army*, 68 M.S.P.R. 82, 89-90 (1995) (mitigating a removal to a demotion for inappropriate remarks where factors such as the employee's mental condition and the absence of prior progressive discipline weighed in favor of the lesser penalty).

regarding such factors may constitute a constitutional due process violation because it potentially deprives the employee of notice of all the evidence being used against him and the opportunity to respond to it. *Ward*, 634 F.3d at 1280 (citing *Stone*, 179 F.3d at 1376).

¶6        The appellant suggests that he was surprised to learn, at his hearing, that his comments and actions were interpreted as something other than a joke. PFR File, Tab 1 at 2-4. We are not persuaded. The facts of this case differ from those in which an employee is on notice of one charge, but a deciding official treats that charge as something altogether different in determining the appropriate penalty. *Cf. Jenkins v. Environmental Protection Agency*, 118 M.S.P.R. 161, ¶¶ 9, 12 (2012) (finding a *Ward*/*Stone* violation where the deciding official relied on portions of a table of penalties concerning a charge other than the one brought against the employee and referenced in the notice of proposed removal); *Culley v. Defense Logistics Agency*, 60 M.S.P.R. 204, 214-15 (1993) (finding that the deciding official erred by treating an "unauthorized possession of government property" charge as theft in determining an appropriate penalty); *Dubiel v. U.S. Postal Service*, 54 M.S.P.R. 428, 431-32 (1992) (finding that the deciding official erred by treating a specific charge of "improperly addressing" a subordinate by calling her "sweet thing" as if it were a charge of sexual harassment while assessing the appropriate penalty).

¶7        The agency did not charge the appellant with telling a joke. It proposed his removal for "conduct unbecoming" based upon his directing K.S. to perform a sex act on demand. IAF, Tab 8 at 21. In addition to describing the underlying comments and actions, the proposal notice characterized the appellant's conduct as "inappropriate," "demeaning," and "unprofessional." *Id*. The supporting material included the sexual harassment complaint from K.S., which included the declaration, "I was annoyed and irritated by the conversation, but when [the appellant] decided to add the unwanted physical touch, I was disgusted and offended." *Id*. at 23-25. The appellant had the opportunity to respond, and

largely did so by asserting that his comments and actions were bad humor.  *Id.* at 20.  The fact that the deciding official discounted that explanation does not amount to the revelation of a previously undisclosed aggravating factor or due process violation.  *Id.* at 12-18; Hearing Transcript (HT) at 75-76, 84, 86; *see also* HT at 95.  The appellant may have assumed that all relevant parties believed he was joking, PFR File, Tab 1 at 2, but that is by no fault of the agency.  In addition, as found by the deciding official and the administrative judge, the fact that the appellant persisted in his belief that "he was subjectively operating in a workplace atmosphere that allowed the type of behavior he engaged in . . . was part of the problem," ID at 14, was one of the reasons why the agency and the administrative judge properly sustained the charges and imposed the removal penalty under the circumstances.  Accordingly, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in

title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.